FILED
 2008 Jun-24 PM 12:13
U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

|  |  |  |
|---|---|---|
| **CURTIS TAYLOR,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **vs.** | ) | Civil Action Number |
| | ) | **7:08-CV-879-UWC** |
| **DONALD O. KOCOUR** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**MEMORANDUM OPINION**

Before the Court is Plaintiff Curtis Taylor's ("Taylor") Motion to Remand (Doc. 4.) Taylor initially filed this lawsuit in the Circuit Court of Sumter County, Alabama, alleging negligence and wantonness and seeking damages for injuries he sustained in a car accident. Taylor has not asserted any claims under federal law; thus, the present Court has jurisdiction over this matter only if the amount in controversy requirement is met.[1]

Taylor seeks damages for an unspecified amount of compensatory damages on multiple counts. To determine whether the amount in controversy is met, the Court must determine whether "it is facially apparent from the complaint that the amount in

---

[1] It appears from the notice of removal that complete diversity exists between the Massachusetts Plaintiff and the Alabama Defendant.

controversy exceeds the jurisdiction requirement." *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006.)  To that end, Kocour contends that Taylor's claim for damages meets the amount in controversy requirement because of Taylor's extensive list of damages, including, *inter alia*, physical injury, medical expenses, and mental anguish. Nonetheless, this action is due to be remanded because Taylor has asserted that "*in no event shall he accept more than $75,000.00*, including compensatory and punitive damages and interest and cost." (Doc. 4) (emphasis added.)

The amount in controversy is measured by the value of the object of the litigation. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 345 (1977).  In *Ericsson GE Mobile Commc'ns, Inc., v. Motorola Commc'ns. & Electronics, Inc.*, 120 F.3d 216 (11th Cir. 1997), the Eleventh Circuit adopted the plaintiff-viewpoint rule in determining what the value of the object of the litigation should be, *i.e.*, the amount in controversy is determined by what the value of the litigation is to the plaintiff.  *Ericsson*, 120 F.3d at 219.  Here, Taylor has plainly stated that the value to him is less than the jurisdictional requirement because "in no event shall he accept more than $75,000."

Accordingly, under the plaintiff-viewpoint rule, the amount in controversy requirement has not been met.  Taylor's Motion to Remand is due to be GRANTED and this case is due to be REMANDED to the Circuit Court of Sumter County, Alabama.

Done the 24th day of June, 2008.

                                            U.W. Clemon
                                     United States District Judge